10-1534-ag
Qu v. Holder

BIA
A098 420 340

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand eleven.

PRESENT:
>             ROBERT A. KATZMANN,
>             BARRINGTON D. PARKER,
>             DEBRA ANN LIVINGSTON,
>                     *Circuit Judges.*

_____

JIE MIN QU, ALSO KNOWN AS JIEMIN QU
ZHOU FAN,
>        *Petitioner,*

>        v.                                          10-1534-ag
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY
GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:         Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Daniel E. Goldman, Senior
                        Litigation Counsel; Matthew A.
                        Spurlock, Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jie Min Qu, a native and citizen of the People's Republic of China, seeks review of a March 31, 2010, order of the BIA denying her motion to reopen her removal proceedings. *In re Jie Min Qu*, No. A098 420 340 (B.I.A. Mar. 31, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(c)(1). Here, the BIA properly denied Qu's motion to reopen as untimely and number-barred, as it was her second motion to reopen and was filed more than three years after her July 2006 final order of removal. *See id.* § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA reasonably determined that Qu failed to satisfy an exception to the time and number bars based either on ineffective assistance of counsel or changed country conditions.

2

## I.   Ineffective Assistance of Counsel

Under the doctrine of equitable tolling, ineffective assistance of counsel can extend the filing deadline for an alien's motion to reopen. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). In order to warrant equitable tolling, however, the alien is required to demonstrate that she exercised "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

The BIA did not act arbitrarily or capriciously in concluding that Qu failed to exercise due diligence because she filed her second motion to reopen more than three years after she reasonably should have discovered that she received ineffective assistance of counsel. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Indeed, Qu concedes that she was aware of her prior counsel's fraudulent practices at the time of the IJ's decision. Because the BIA did not abuse its discretion in finding a lack of due diligence, we need not reach the merits of the underlying ineffective assistance claim. *See Cekic*, 435 F.3d at 170.

## II. Changed Country Conditions

The agency also reasonably found that Qu's motion did not qualify for the changed country conditions exception to the time and numerical limitations. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The evidence Qu submitted was similar to that which the BIA addressed in *Matter of J-W-S-,* 24 I. & N. Dec. 185 (B.I.A. 2007*)*. We have previously reviewed, and found no error in, the BIA's analysis in that case. *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).

Moreover, given the BIA's explicit references to the documentation submitted with the motion to reopen, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006), *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Additionally, contrary to Qu's argument, the BIA did not err in giving diminished weight to both her affidavit and the evidence she submitted relating to the sterilization of two individuals from her home province. *See Xiao Ji Chen*, 471 F.3d at 342 (finding that the weight afforded to

4

the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). The BIA also did not err in finding that the evidence relating to the sterilization of two individuals from her home province was not *material* because it did not detail the forced sterilizations of similarly situated individuals--namely, those who gave birth to two children outside of China. *See Jian Hui Shao*, 546 F.3d at 160-61. Accordingly, because Qu failed to demonstrate a material change in country conditions, the BIA did not abuse its discretion in denying her motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5